LAWLESS v. WOODS.

(Circuit Court of Appeals, Eighth Circuit.   May 10, 1915.)

No. 4301.

PATENTS ⬤⟳328—VALIDITY AND INFRINGEMENT—SILO DOOR.
    The Farrar & Clark patent, No. 952,876, for a door for silos, *held* not
anticipated, valid and infringed.

Appeal from the District Court of the United States for the District
of Nebraska; Thomas C. Munger, Judge.

Suit in equity by Mark W. Woods, substituted for Werter S. Far-
rar, against Christopher J. Lawless.   Decree for complainant, and de-
fendant appeals.   Affirmed.

D. J. Flaherty, of Lincoln, Neb. (Charles A. Robbins, of Lincoln,
Neb., on the brief), for appellant.

George E. Folk, of Chicago, Ill. (George P. Barton, of Chicago,
Ill., and John M. Stewart, of Lincoln, Neb., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and AMI-
DON, District Judge.

AMIDON, District Judge.   This suit was brought to restrain the
infringement of letters patent No. 952,876, issued to Farrar and Clark,
and now owned by appellee, Woods.   The trial court sustained the
patent, found that claim 1 was infringed, and passed a decree re-
straining the infringement and awarding damages in the sum of
$375.   The defendant appeals.

The answer sets up the usual defenses of want of novelty, anticipa-
tion, and noninfringement.   We think the device of plaintiff embodies
patentable invention.   It marks a real improvement in the art of
constructing a door for a silo that can easily be moved out of the
way, and when closed fits tightly so as to exclude air from the silage.
It has the further advantage that the hinges serve the purpose of a
ladder, an indispensable part of a silo.   The defendant's structure
is a rather poor copy of the plaintiff's.   It seeks to avoid infringe-
ment by omitting the fastening appliance.   The evidence shows clear-
ly, however, that the defendant's structure contemplates that the pur-
chaser will supply that appliance in some form.   We therefore con-
clude that infringement is established.   The case turns wholly upon
questions of fact.   We do not think any useful purpose would be
subserved by a careful analysis of the several structures to show in
detail the reasons for the conclusions at which we have arrived.

The decree of the trial court was right, and it is affirmed.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes